UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

WAYNE DARNELL JOYNER,

    Defendant/Petitioner.

_____/

Case No. 05-80955-34
Hon: AVERN COHN

## **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

I.

This is a criminal case. On August 21, 2008, defendant/petitioner Wayne Darnell Joyner (Joyner) was sentenced to a custody term of 168 months on his plea of guilty to violations of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii)(II) and 846. On August 7, 2009, Joyner filed a motion to vacate under 28 U.S.C. § 2255. Joyner raised three claims: 1) he is innocent because the Court dismissed the counts he pled guilty to; (2) he received ineffective assistance of counsel because his counsel failed to present documents which would have shown that he had diplomatic immunity; and (3) the Court is not a proper Article III court.

The Court denied the motion under §2255 for the reasons stated in the government's response. See Order filed September 25, 2009.

On October 6, 2009, Joyner filed a "Motion to the Clerk" and a "Motion for Amendment of Judgment." In the Motion to the Clerk, Joyner said he did not receive a copy of the government's response and requested a copy be mailed to him. The Court

granted the motion on October 14, 2009 and directed a copy of the government's response be mailed to defendant. See Order filed October 14, 2009.

In the Motion for Amendment of Judgment, Joyner asked the Court to "reconsider" denying his motion under § 2255 and again stated he did not receive a copy of the government's response. The Court construed Joyner's Motion for Amendment of Judgment as a motion for reconsideration and gave him ten (10) days from receipt of the government's response to file a brief in support of his motion for reconsideration, explaining why his § 2255 motion has merit. On November 3, 2009, Joyner filed his brief.

II.

Joyner's motion is governed by E.D. Mich LR 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Joyner fails to satisfy this standard. The Court has reviewed his brief and finds no error warranting reconsideration. As explained in the government's response, Joyner's claims lack merit and/or are unintelligible. Nothing in Joyner's motion convinces the Court otherwise. Accordingly, the motion is DENIED.

SO ORDERED.

Dated: November 4, 2009       s/ Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

**05-80955-34 Joyner v. USA**
**Order Denying Petitioner's Motion for Reconsideration**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Wayne Darnell Joyner, #40683-039, FCI Lompoc, 3600 Guard Road, Lompoc, CA 93436 and the attorneys of record on this date, November 4, 2009, by electronic and/or ordinary mail.

                               s/ Julie Owens
                               Case Manager, (313) 234-5160