UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

Case No. 05-80955-34
Hon: AVERN COHN

WAYNE DARNELL JOYNER,

    Defendant/Petitioner.

_____/

## ORDER DENYING PETITIONER'S MOTION UNDER RULE 60(b)

I.

This is a criminal case. On August 21, 2008, defendant/petitioner Wayne Darnell Joyner (Joyner) was sentenced to a custody term of 168 months on his plea of guilty to violations of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii)(II) and 846. Joyner did not file a direct appeal. On August 7, 2009, Joyner filed a motion to vacate under 28 U.S.C. § 2255. Joyner raised three claims: (1) he is innocent because the Court dismissed the counts he pled guilty to; (2) he received ineffective assistance of counsel because his counsel failed to present documents which would have shown that he had diplomatic immunity; and (3) the Court is not a proper Article III court.

The Court denied the motion under §2255 for the reasons stated in the government's response. See Order filed September 25, 2009.

On October 6, 2009, Joyner filed a "Motion to the Clerk" and a "Motion for Amendment of Judgment." In the Motion to the Clerk, Joyner said he did not receive a copy of the government's response and requested a copy be mailed to him. The Court

granted the motion on October 14, 2009 and directed a copy of the government's response be mailed to defendant. See Order filed October 14, 2009.

In the Motion for Amendment of Judgment, Joyner asked the Court to "reconsider" denying his motion under § 2255 and again stated he did not receive a copy of the government's response. The Court construed Joyner's Motion for Amendment of Judgment as a motion for reconsideration and gave him ten (10) days from receipt of the government's response to file a brief in support of his motion for reconsideration, explaining why his § 2255 motion has merit. Joyner then filed his brief. The Court denied the motion. See Order filed November 4, 2009.

Before the Court is Joyner's motion under Fed. R. Civ. P. 60(b) in which he argues that the Court erred in denying his § 2255 motion because he was denied copies of the transcripts.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

On April 10, 2009, Joyner filed a motion requesting copies of the plead and sentencing transcripts without paying the requisite fees. The Court denied the motion

without prejudice on the grounds that defendant must file a motion under § 2255 and include a request for transcripts at that time.  See Order filed April 22, 2009.  When Joyner later filed his § 2255 motion, he did not request transcripts.  In his motion, Joyner says that he needed the transcripts to establish that his plea was coerced "by counsel due to his association with an organization that had political ties."  He also seems to argue that the guidelines were improperly calculated.  As the government points out, both of these arguments could have been raised in his § 2255 motion.  He cannot use Rule 60(b) to litigate such claims.  Moreover, the claims Joyner did raise in his motion were able to be decided without the use of transcripts.  Finally, to the extent Joyner seeks reconsideration of the Court's order denying him free copies of the transcripts, his request is clearly untimely.  Overall, there is no basis for granting Joyner relief under Rule 60(b).

    SO ORDERED.

                              s/ Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: January 13, 2010

I hereby certify that a copy of the foregoing document was mailed to Wayne Darnell Joyner, #40683-039, FCI Lompoc, 3600 Guard Road, Lompoc, CA 93436 and the attorneys of record on this date, January 13, 2010, by electronic and/or ordinary mail.

                              s/ Julie Owens
                              Case Manager, (313) 234-5160