UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                                     Case No. 05-80955-34
                                     Hon: AVERN COHN

WAYNE DARNELL JOYNER,

    Defendant/Petitioner.

_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

I.

This is a criminal case. On August 21, 2008, defendant/petitioner Wayne Darnell Joyner (Joyner) was sentenced to a custody term of 168 months on his plea of guilty to violations of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii)(II) and 846. He did not file a direct appeal.

On August 7, 2009, Joyner filed a motion to vacate under 28 U.S.C. § 2255. Joyner raised three claims: (1) he is innocent because the Court dismissed the counts he pled guilty to; (2) he received ineffective assistance of counsel because his counsel failed to present documents which would have shown that he had diplomatic immunity; and (3) the Court is not a proper Article III court. The Court denied the motion for the reasons stated in the government's response. See Order filed September 25, 2009. Reconsideration was denied on November 4, 2009.

Joyner then filed a motion under Fed. R. Civ. P. 60(b) in which he argued that the Court erred in denying his § 2255 motion because he was denied copies of the transcripts. The Court denied the motion. See Order filed January 13, 2010. Joyner

seeks to appeal the denial of his Rule 60(b) motion.

II.

Before Petitioner can appeal the Court's decision denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might

2

agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a notice of appeal is filed, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, and for all the reasons stated in the January 13, 2010 order, reasonable jurists would not debate whether Joyner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: March 22, 2010

I hereby certify that a copy of the foregoing document was mailed to Wayne Darnell Joyner, #40683-039, FCI Lompoc, 3600 Guard Road, Lompoc, CA 93436 and the attorneys of record on this date, March 22, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160